IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-563

Filed 07 March 2023

New Hanover County, Nos. 19 CRS 5130-32, 19 CRS 57261-62

STATE OF NORTH CAROLINA

v.

RICHARD CRAIG WILKINSON, Defendant.

Appeal by Defendant from judgment entered 3 March 2022 by Judge Joshua W. Wiley, Jr., in New Hanover County Superior Court. Heard in the Court of Appeals 11 January 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Olga E. Vysotskaya de Brito, for the State.*

*Drew Nelson for Defendant.*

GRIFFIN, Judge.

Defendant Richard Craig Wilkinson appeals from a judgment entered after a jury found him guilty of soliciting a child by computer. Defendant argues the trial court erred in denying his motion to dismiss because the State presented insufficient evidence to support the charge. We find no error.

## I. Factual and Procedural Background

During the summer of 2019, Defendant, who was fifty-nine years old, began

communicating with Danielle[1], a fifteen-year-old, online.  Defendant, although aware of Danielle's age, began messaging her about engaging in sexual activity.  On at least four separate occasions, Danielle went to Defendant's home where he served her alcohol and gave her around $300 in cash along with other gifts.  Upon Danielle's first visit to Defendant's home, Defendant asked Danielle to take off her clothing and sit on his lap wearing only a bikini.  Danielle complied with Defendant's requests.  On other occasions, when Danielle visited Defendant's home, Defendant reached under her dress, groped her, and, on at least one occasion, kissed her.

The Federal Bureau of Investigation received an anonymous tip regarding Defendant's inappropriate relationship with Danielle and began an investigation into the matter.  On 29 August 2019, with the FBI and her father present, Danielle began a Snapchat conversation with Defendant.  During this conversation, Defendant stated he "thought about [Danielle] every minute [o]f every day and of . . . [h]ow good [her] touch feels" and how he "so want[s] [his] hand right there [f]eeling how smooth."  Defendant also messaged Danielle saying: "And to have you one day completely butt nekkid laying across my lap" and "I just want my hands in that hair . . . [p]ulling it back[,] [b]iting that neck[,] [w]atching your back arch."  Further, in planning their next in-person encounter, Defendant told Danielle to come see him whenever she could get out of the house and even offered to get her a ride stating, "let me know if

---

[1] We use a pseudonym to protect the identity of the minor child.  N.C. R. App. P. 42(b).

ya need a uber ;) [.]" Danielle asked Defendant if he was working the following day, 30 August 2018, and Defendant replied: "Yeah I always work [b]ut can get away anytime you can." When Danielle responded that she would "try to find a ride and leave school early[,]" Defendant sent a heart emoji and said: "I'd love it. 5 minutes or hours and I'll be stoked either way[.]"

On 30 August 2019, Defendant was arrested and charged with one count of first-degree statutory sex offense, one count of placing a child in sexual servitude, five counts of taking indecent liberties with a child, three counts of providing alcohol to a minor, one count of soliciting a child by computer, and one count of contributing to the delinquency of a minor—all stemming from his relationship with Danielle. On 31 August 2019, Danielle turned sixteen.

On 2 December 2019, a grand jury indicted Defendant on all charges. During trial, at the close of the State's evidence, Defendant made a motion to dismiss the charge of soliciting a child by computer, which was denied. At the close of all evidence, Defendant renewed his motion to dismiss which was again denied. The trial court dismissed one count of first-degree statutory sex offense, one count of placing a child in sexual servitude, and two counts of taking indecent liberties with a child. Defendant was found not guilty on one count of taking indecent liberties with a child. However, the jury found Defendant guilty on two counts of taking indecent liberties with a child, three counts of providing alcohol to a minor, one count of contributing to the delinquency of a minor, and one count of soliciting a child by

computer.

Defendant timely appeals challenging only the sufficiency of the State's evidence regarding the charge of soliciting a child by computer.

## II.   Analysis

Defendant argues that the State failed to present sufficient evidence to support the charge of soliciting a child by computer.  We disagree.

This Court reviews the denial of a motion to dismiss a criminal charge for insufficient evidence *de novo*.  *State v. Chekanow*, 370 N.C. 488, 492, 809 S.E.2d 546, 550 (2018).  "In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences."  *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000).  Further, we must determine, "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of [the] defendant's being the perpetrator of such offense."  *Id*. at 378, 526 S.E.2d at 455 (citations omitted).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *State v. Smith*, 300 N.C. 71, 78–79, 265 S.E.2d 164, 169 (1980).

Defendant specifically contends the State's evidence was insufficient, under N.C. Gen. Stat. § 14-202.3(a), to prove he intended to commit an unlawful sex act with a child younger than sixteen because the 29 August 2019 Snapchat messages with Danielle concerned actions Defendant aspired to take at an undefined future

date as there was "no sort of plan or request to meet [Danielle] in person" prior to her sixteenth birthday.

Under N.C. Gen. Stat. § 14-202.3(a),

> A [defendant] is guilty of solicitation of a child by a computer if the [defendant] is 16 years of age or older and the [defendant] knowingly, with the intent to commit an unlawful sex act, entices, advises, coerces, orders, or commands, by means of a computer or any other device capable of electronic data storage or transmission, a child who is less than 16 years of age and at least five years younger than the defendant, . . . to meet with the defendant . . . for the purpose of committing an unlawful sex act.

N.C. Gen. Stat. § 14-202.3(a) (2021). It is well established that intent is the state of mind that exists at the time the defendant commits an offense. *State v. Accor*, 277 N.C. 65, 73, 175 S.E.2d 583, 589 (1970) (internal marks and citations omitted); see also *State v. Keller*, 374 N.C. 637, 648, 843 S.E.2d 58, 66 (2020). Further, intent "may be read from a defendant's acts, conduct, and inferences fairly deducible from all the circumstances." *Accor*, 277 N.C. at 73, 175 S.E.2d at 589 ("If intent required definite and substantive proof, it would be almost impossible to convict, absent facts disclosing a culmination of the intent.").

Here, the State offered testimony from Danielle who stated Defendant knew she was fifteen years old but continued to communicate with her both online and in person. Danielle also testified at trial that, on multiple occasions, she visited Defendant at his home where he groped her beneath her dress, kissed her, and asked

her to take her clothes off so he could see her bathing suit. Additionally, the State offered evidence of Defendant's 29 August 2019 Snapchat exchange with Danielle in which Defendant sent Danielle explicit messages describing how he thought of her every day and would have her "butt nekkid laying across [his] lap." Further, within that exchange, Danielle told Defendant she was not sure she would be able to meet him before her sixteenth birthday, yet Defendant continued to entice Danielle to meet him on 30 August 2019 saying he could "get away anytime" Danielle was available and would love to see her whether it be for five minutes or hours.

From this evidence—Defendant's previous conduct and the Snapchat conversation—it can be inferred, in the light most favorable to the State, Defendant intended to commit a sex act with Danielle despite the lack of a definite plan to meet up before her sixteenth birthday. Not only had Defendant previously met with Danielle, but the conversation indicated his intent to meet with her again, which a reasonable mind could conclude was intended to be on 30 August 2019, while she was still fifteen years old. Because Defendant's intent to meet with Danielle before her birthday can be inferred from his acts and conduct during past encounters as well as from the 29 August 2019 Snapchat conversation, the State introduced sufficient evidence of each essential element of the offense charged under N.C. Gen. Stat. § 14-202.3(a)—solicitation of a child by a computer.

### III. Conclusion

We hold the trial court did not err in denying Defendant's motion to dismiss

the charge of soliciting a child by a computer.

NO ERROR.

Judges MURPHY and CARPENTER concur.